UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>   Plaintiff,<br><br> vs.<br><br>D. HICKS, et al.,<br><br>   Defendants. | 1:16-cv-01854-EPG<br><br>ORDER THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED UNDER 28 U.S.C. § 1915(g), AND PLAINTIFF BE REQUIRED TO PAY FILING FEE IN FULL<br><br>(ECF No. 9) |

**I. BACKGROUND**

  Gregory C. Bontemps ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on Oct. 20, 2016. (ECF No. 1.) On December 27, 2016, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 9.)

  On December 19, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 8), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

  ///

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## III. ANALYSIS

Plaintiff initiated this action on October 20, 2016. Prior to this date, Plaintiff had been involved with two different cases that had denied or revoked Plaintiff's *in forma pauperis* status:

1. Bontemps v. Sotak, No. 2:09-CV-2115-MCE-EFB, 2015 WL 812360 (E.D. Cal. Feb. 25, 2015), report and recommendation adopted, No. 2:09-CV-2115-MCE, 2015 WL 1469870 (E.D. Cal. Mar. 30, 2015); and

2. Bontemps v. Harper, No. 2:13-cv-00506-MCE-EFB, 2016 WL 1339577 (E.D. Cal. Apr. 5, 2016), report and recommendation adopted, No. 2:13-cv-00506-MCE-EFB, 2016 WL 3135840 (E.D. Cal. June 2, 2016).

These two decisions examined Plaintiff's prior case filings, and both Courts concluded that Plaintiff had three or more cases that constituted as strikes under the "three-strike" rule in 28 U.S.C. § 1915(g). Upon carefully reviewing these two decisions, the Court finds that the analysis in Sotak and Harper is properly supported by existing law. Thus, the Court agrees with and hereby adopts the analysis and conclusions. Therefore, the review of the actions filed by Plaintiff reveals that Plaintiff is subject to the "three-strike" rule in 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less

obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Andrews, 493 F.3d at 1053. In the Complaint, Plaintiff describes that on March 18, 2016, Correctional Sergeant D. Hicks conducted an inappropriate, unclothed body search of the plaintiff. Plaintiff alleges that Sergeant Hicks forced the appellant, and another inmate, to submit to an unclothed body search while no other disabled inmates had to do so. Plaintiff contends that Sergeant Hicks threatened to write a CDC Form 115, Rules Violation Report against Plaintiff. Plaintiff alleges that the search was racially discriminating and resulted in an injured lower back and right foot.

Plaintiff makes no claims that he is at the risk of violence and the Complaint makes no mention of any factual allegations showing that Plaintiff was under any specific danger of harm at the time he filed the Complaint. Plaintiff fails to describe any specific incident, threat, or knowledge upon which he bases his assertion that he was under imminent danger of serious bodily harm. These facts do not support the existence of an imminent danger of serious physical injury when Plaintiff commenced this action. Moreover, Plaintiff has not shown the requisite nexus between any of his claims in the complaint and his allegation of imminent danger.[1] Stine v. Federal Bureau of Prisons, 2015 WL 5255377 at *5 (E.D. Cal. Sept. 9, 2015) (A "three strikes" prisoner seeking to litigate IFP must allege facts that plausibly show he is in

---

[1] Plaintiff brings a claim in the Complaint for racial discrimination. (ECF No. 1.)

imminent danger, and the allegations in the complaint must reveal a nexus between at least one cause of action and the imminent danger).

## IV.     CONCLUSION AND RECOMMENDATIONS

The Court finds that under 28 U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 9) is denied, and Plaintiff is required to pay the $400.00 filing fee in full to proceed with this action. Failure to follow the directives in this order will result in dismissal of the case.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis* (ECF No. 9) in this action is DENIED; and
2. Plaintiff shall pay the $400.00 filing fee in full within 30 days in order to proceed with this action.
3. Failure to comply with this order or pay the filing fee will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **January 20, 2017**                              /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE