UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. HICKS,<br><br>　　　　Defendant. | Case No. 1:16-cv-01854-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE<br><br>(ECF No. 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

## I. BACKGROUND

Gregory C. Bontemps ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 20, 2016. (ECF No. 1). On October 27, 2016, Plaintiff consented to magistrate judge jurisdiction. (ECF No. 3). On December 27, 2016, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 9).

On January 23, 2017, relying on Plaintiff's consent, the magistrate judge issued an order denying Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). (ECF No. 10). Plaintiff failed to pay the filing fee, and the magistrate judge dismissed the case. (ECF No. 11).

Plaintiff appealed. (ECF No. 12). The United States Court of Appeals for the Ninth Circuit vacated and remanded on the ground that the magistrate judge did not have jurisdiction to revoke Plaintiff's *in forma pauperis* status because not all parties had consented to magistrate judge jurisdiction. (ECF No. 16).

1

The Ninth Circuit did not address whether Plaintiff is a "three-striker" under § 1915(g). As the Court finds that Plaintiff had "three strikes" before filing this action and was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff's *in forma pauperis* be revoked and that Plaintiff be required to pay the $400 filing fee if he wants to proceed with this action.

## II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action… under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986–87 (9th Cir. 1999) (alteration in original) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal'")).

## III.    PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

   a. Strikes

Plaintiff initiated this action on August 8, 2016. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had more than three cases dismissed that count as "strikes."

The Court takes judicial notice of the following cases, which the Court finds constitute strikes: 1) Bontemps v. Kramer, E.D. CA, Case No. 2:06-cv-02483 (dismissed on December 22, 2008, because Plaintiff failed to file a Second Amended Complaint after his Complaint and First Amended Complaint were dismissed for failure to state a claim upon which relief may be granted (ECF Nos. 9, 12, & 13)); 2) Bontemps v. Romero, E.D. CA, Case No. 2:13-cv-00614

(dismissed on August 13, 2013, for failure to state a claim upon which relief may be granted (ECF No. 10)); 3) Bontemps v. Lee, E.D. CA, Case No. 2:12-cv-00771 (dismissed on January 31, 2013, for failure to state a claim upon which relief may be granted (ECF No. 20)); and 4) Bontemps v. Aquino, E.D. CA, Case No. 2:12-cv-02406 (dismissed on July 9, 2013, for failure to state a claim upon which relief may be granted (ECF No. 11)).

Romero, Lee, and Aquino were dismissed because Plaintiff failed to state a claim upon which relief could be granted. Accordingly, the Court finds that these three cases count as "strikes."

Kramer was dismissed because Plaintiff failed to file an amended complaint after a screening order dismissing the prior complaint for failure to state a claim. The Court finds that this case also counts as a "strike." Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]e hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").[1]

Moreover, the Ninth Circuit has affirmed the denial of Plaintiff's application to proceed *in forma pauperis* in other cases on the ground that Plaintiff has "three-strikes." See, e.g., Bontemps v. Sirko, 707 F. App'x 929, 930 (9th Cir. 2017) ("The district court properly denied Bontemps' request to proceed IFP because at least three of Bontemps' prior cases qualified as 'strikes' under 28 U.S.C. § 1915…."); Bontemps v. Harper, 708 F. App'x 430, 431 (9th Cir. 2017) ("The district court properly revoked Bontemps' IFP status because at least three of Bontemps' prior cases qualified as "strikes" under 28 U.S.C. § 1915."); Bontemps v. Smith, 708 F. App'x 360 (9th Cir. 2017) ("The district court properly revoked Bontemps' IFP status

---

[1] Bontemps v. Gray, E.D. CA, Case No. 2:07-cv-00710, may also count as a strike under Harris. The case was dismissed by the District Judge for lack of prosecution and failure to comply with court rules and orders on July 5, 2007, because Plaintiff failed to file a First Amended Complaint after his Complaint was dismissed by the Magistrate Judge for failure to state a claim upon which relief may be granted. (ECF Nos. 3, 6, & 7)). However, Plaintiff did not consent to magistrate judge jurisdiction, and it was a magistrate judge that dismissed his complaint for failure to state a claim, albeit with leave to amend. (ECF No. 3). As the Court has already found that Plaintiff had more than three "strikes" prior to filing this case, the Court will not make a recommendation regarding whether to count Gray as a "strike."

because at least three of Bontemps' prior cases qualified as "strikes" under 28 U.S.C. § 1915….").

Accordingly, the Court finds that, prior to filing this action, Plaintiff had more than three cases dismissed that count as "strikes."

b. Williams v. King

In light of Williams v. King, 875 F.3d 500 (9th Cir. 2017), a new issue has arisen in determining whether certain cases count as "strikes." In Williams, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

In all four cases identified above that the Court found to constitute "strikes," Plaintiff's complaint was dismissed by a magistrate judge after only Plaintiff consented. Under Williams, consent only by the Plaintiff is insufficient to confer jurisdiction on the magistrate judge. After careful consideration of this issue, the Court recommends that all four cases count as "strikes," notwithstanding Williams. Hoffman v. Pulido, E.D. CA, Case No. 1:18-cv-00209, ECF No. 10 (finding that magistrate judge dismissals issued without the consent of all named defendants still count as "strikes" after Williams).

First of all, examining the jurisdiction of the dismissing court in prior cases goes beyond the scope of review under § 1915(g). When determining whether a prior case counts as a "strike," "[t]he underlying principle is that we must decide whether the case was disposed of because the complaint was frivolous, malicious, or failed to state a claim, regardless of how the district court labels its decision." El-Shaddai, 833 F.3d at 1044. See also Harris, 863 F.3d at 1142 (quoting El-Shaddai, 833 F.3d at 1042) (internal quotation marks omitted) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim."). Neither the Ninth Circuit nor the Supreme Court has instructed lower courts to examine the basis for jurisdiction before deciding whether a case counts as a "strike." Hoffman, ECF No. 10, p. 3 ("That is, there does

not appear to be a case that directs lower courts to also determine whether the 'dismissing court' had jurisdiction to dismiss and create a strike.").

Moreover, there are good reasons not to conduct such an inquiry. One is that parties are generally not allowed to re-litigate issues they already had an opportunity to litigate. Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (alterations in original) (internal citations and quotation marks omitted) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata…. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions."). Here, all four cases were dismissed after a magistrate judge determined that Plaintiff failed to state a claim. Despite having the opportunity to do so, Plaintiff did not challenge the magistrate judge's jurisdiction, at the trial court or on appeal.

This is not to say that a plaintiff who believes a prior judgment is void is without remedies. In fact, the Federal Rules of Civil Procedure expressly contemplate granting parties relief from a final judgment when the final judgment is void. Fed. R. Civ. P. 60(b)(4). However, this rule requires the party that wants to set aside the judgment to take action to set aside the judgment. Fed. R. Civ. P. 60(b); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002). Plaintiff has not taken any action to set aside the prior judgments, and collaterally challenging them in this case would be inappropriate. Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986) (citing Chicot Cty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940)) ("[I]f the parties *could* have challenged the court's power to hear a case, then *res judicata* principles serve to bar them from later challenging it collaterally.").

Moreover, even if Plaintiff were allowed to challenge the judgments his prior four cases, it does not appear that the judgments would be found to be void. "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th

Cir. 1999).[2] "Defective jurisdictional allegations are not fatal, however. A judgment is only void where there is a 'total want of jurisdiction' as opposed to an 'error in the exercise of jurisdiction.'" NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612 (9th Cir. 2016) (quoting Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985)). See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) (quoting Nemaizer, 793 F.2d at 65) ("Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction.").

The judges who issued the prior dismissals at issue here had an arguable basis for exercising jurisdiction, and at most they made an error in exercising jurisdiction. The Ninth Circuit had not weighed in on the issue, and its decision in Williams had not yet issued. Moreover, in 1995, the Court of Appeals for the Fifth Circuit held that lack of consent from unserved defendants did not deprive the magistrate judge of jurisdiction where the plaintiff consented, because the unserved defendants were not parties under 28 U.S.C.A. § 636(c). Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995). Accordingly, there was precedent from a federal court of appeals supporting the magistrate judge's exercise of jurisdiction, and no conflicting precedent from the Ninth Circuit or United States Supreme Court.

Additionally, "[a]n error in interpreting a statutory grant of jurisdiction is not… equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity." Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). In Williams, the Ninth Circuit held that the magistrate judge made an error in interpreting § 636(c)(1) as providing magistrate judges with jurisdiction where a plaintiff consents and the defendants are unserved, because the unserved defendants are still parties. 875 F.3d at 504. As the magistrate judges in Plaintiff's prior cases made the same error in interpreting a statutory grant of jurisdiction, and as the interpretation was not unreasonable (it was the same interpretation adopted by the Fifth

---

[2] The Rule 60(b)(4) standard is essentially the same standard that is used when a party attempts to collaterally attack a judgment. See, e.g., Baella-Silva v. Hulsey, 454 F.3d 5, 10 (1st Cir. 2006); Nemaizer, 793 F.2d at 65; Hoffman, ECF No. 10, p. 7.

Circuit), the prior judgments are not void.

Finally, the judges in Romero, Lee, and Aquino were acting pursuant to a Local Rule that provided that prisoner civil rights cases are treated as consent cases so long as all parties who have *appeared* consented.[3] See Local Rules, Appendix A(k)(4); E.D. Cal. General Order 467. This rule in essence tracks the holding in Neals, and took effect on June 2, 2008 (E.D. Cal. General Order 467). As the earliest of the three cases was dismissed on January 31, 2013 (Lee, ECF No. 20), the rule had been in effect for about four and a half years by the time the magistrate judge dismissed Plaintiff's case. By this time hundreds (if not thousands) of cases were decided by magistrate judges in the Eastern District of California based on just a plaintiff's consent (see Eastern District of California 2017 Annual Report, p. 29).

Accordingly, the Court finds that, even after Williams, cases where a magistrate judge issued an order dismissing a case based on just a plaintiff's consent can still count as a "strike," so long as the order has not been declared void in an appeal or other appropriate challenge.

c. Imminent Danger

As Plaintiff has at least three prior cases that count as "strikes," Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). See also Martin

---

[3] The magistrate judge's order in Kramer was entered before the Rule came into effect.

v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat… is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298–99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not qualify for the imminent danger exception. In the Complaint Plaintiff alleges that Kern Valley State Prison (KVSP) Correctional Officer Defendant D. Hicks conducted an inappropriate body search of Plaintiff on March 18, 2016. There are no allegations indicating that Plaintiff was ever in imminent danger of serious physical injury. Therefore, it does not appear that Plaintiff was in imminent danger of serious physical injury at the time he filed the Complaint.

As the Court finds that Plaintiff is a "three-striker" who was does not qualify for the imminent danger exception, the Court will recommend denying Plaintiff's *in forma pauperis* status and requiring Plaintiff to pay the $400 filing fee if he wants to proceed with this action.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that under 28 U.S.C. § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), that Plaintiff's motion to proceed *in forma pauperis* in this action (ECF No. 9) be DENIED; and
2. Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 23, 2018**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE